# THIRD DEPARTMENT

AT

# GENERAL TERM,

## July, 1894.

---

30 73
27ap302

BARZELLE M. STRONG, Appellant, *v.* CYRUS WATERS, Respondent.

*Oral agreement — when not admissible to vary the terms of a written contract.*

Evidence of a contemporaneous oral agreement is inadmissible upon the trial of an action to modify or add important provisions to a written contract, where there is no claim that such evidence proves or tends to prove a mutual mistake by the parties to the written contract, or that such written contract was procured by fraud.

APPEAL by the plaintiff, Barzelle M. Strong, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Clinton on the 3d day of May, 1893, upon the report of a referee.

*Royal Corbin,* for the appellant.

*L. L. Shedden,* for the respondent.

MAYHAM, P. J. :

In the month of June, 1887, the plaintiff and defendant entered into a contract in writing of which the following is a copy :

"This agreement, made and entered into between B. M. Strong, of Evans Mills, N. Y., as party of the first part, and Cyrus Waters, of Champlain, party of the second part, witnesseth : Party of the first part agrees to drill a well for party of the second part at $2.50 a foot, and furnish pipe for pump without charge, and is to be relieved from all responsibility when he stops drilling ; in case of a flowing well, to be two dollars per foot.

HUN — VOL. LXXX.        10

" Party of the second part agrees to pay party of the first part $2.50 for each and every foot so drilled, and purchase a pump and cylinder of party of the first part at Gould's listed prices, and pay for all casing of well at $1.00 per foot; to furnish proper wood and water for engine while drilling, and as required, and board two men while drilling said well.

" B. M. STRONG,

" Per J. B. BORT.

" CYRUS WATERS."

Under this contract the plaintiff claims that he drilled to the depth of about thirty feet, when he struck water, but continued to drill to the depth of ninety feet at the request of the defendant. The plaintiff also claims that he furnished to the defendant twenty-one feet of casing or tubing at one dollar per foot, a pump of the value of eleven dollars, and a cylinder of the value of eight dollars; merchandise of the value of $100.

There appears to be no substantial controversy over the amount of work performed or material furnished by the plaintiff in and about this work.

But the defendant sets up in his answer various defenses, among which was an allegation of fraud and mistake in making the written contract, also a breach and failure to perform the contract by the plaintiff.

Under this answer the defendant proves, under the objection of the plaintiff, a parol contemporaneous agreement or contract, greatly at variance with the written contract upon which the action was brought. There was no claim that the parol evidence so offered and received on the part of the defendant proved or tended to prove a mutual mistake by the parties to the written contract, so as to make it competent for the purpose of a reformation of the written agreement.

Nor did it prove or tend to prove any fraud by the plaintiff in procuring the written agreement to be made.

The only possible effect of the evidence was to modify or add to the written contract important provisions by a parol contemporaneous agreement. It needs no citation of authorities to show that that cannot be done.

We think the learned referee erred in the admission of that evidence, and that such error may have affected his determination of the action.

The judgment should, for that reason, be reversed.

Judgment reversed, the referee discharged and a new trial ordered, costs to abide the event.

PUTNAM and HERRICK, JJ., concurred.

Judgment reversed.